UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| RAKIM YANCEY, 17B3223    Plaintiff, | MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS |
| v | |
| TIMOTHY PANCOE, BRADLEY PIKE, CHRISTOPHER KOSCH, | Civ. Action No. 20-cv-6149 |
| Defendants. | |

_____

## STATEMENT OF FACTS

Plaintiff was arrested on March 13, 2017 for disorderly conduct, obstructing traffic, aggravated assault on a police officer with intent to injure, after driving erratically and parking in the middle of oncoming traffic at the intersection of Clifford Avenue and Hudson Avenue in the City of Rochester.  Plaintiff then attacked and punched Sergeant Timothy Pancoe in the face several times when Sgt. Pancoe attempted to approach Plaintiff.  The assault resulted in Sergeant Pancoe sustaining swelling, bruising, broken glasses and being placed on concussion protocol.  Several independent witnesses provided Supporting Depositions documenting Plaintiff's assault on Sergeant Pancoe.  Plaintiff was indicted and convicted of Assault in the Second Degree following a jury trial.

## STANDARD

""To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S.

at 555. Instead, the Supreme Court has emphasized that "[f]actual allegations must be enough to raise a right to relief above the speculative level," Id., and that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," Id. at 563.  Plaintiffs must allege "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. But if a plaintiff has "not nudged [his] claims across the line from conceivable to plausible, the complaint must be dismissed." Id.; see also Iqbal, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Fed. R. Civ. P. 8(a)(2).""  "The Court must confine its considerations to the facts stated on the face of the complaint, in documents appended to the complaint or incorporated by reference, and matters of which judicial notice may be taken." Cited by T*ieman v. City of Newburgh*, 2015 U.S. Dist. LEXIS 38703 (S.D.N.Y. Mar. 26, 2015).

Plaintiff's claims are time barred and should accordingly be dismissed.

### PLAINTIFF MAY NOT ASSERT AN EIGHTH AMENDMENT CLAIM.

Assuming arguendo that Plaintiff's claims are not time barred, his claim under the Eighth Amendment is improper.  "[E]xcessive force claims must be examined under the standard applicable to the specific constitutional right allegedly violated, which in most instances will be the Fourth or Eighth Amendments, the main sources of individual protection under the Constitution against physically abusive official conduct." *Rodriguez v. Phillips*, 66 F.3d 470, 477 (2d. Cir. 1995).  Eighth Amendment claims of excessive force are normally limited to post-conviction situations, such as an inmate alleging that excessive force was used by corrections officers while the inmate was incarcerated serving a prison sentence. *Whitley v. Albers*, 475 U.S. 312, 318, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986) ("The Cruel and Unusual Punishments Clause 'was

designed to protect those convicted of crimes,' and consequently the Clause applies 'only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions.'") *Ingraham v. Wright*, 430 U.S. 651, 664 (1977). Fourth Amendment claims relate to "the use of excessive force in making an arrest, and whether the force used is excessive is to be analyzed under that Amendment's reasonableness standard." *Brown v. City of New York*, 798 F.3d 94, 100 (2d Cir. 2015). "Since plaintiff's claim of excessive force arose in the context of an arrest, it is governed by the Fourth Amendment and not the Eighth Amendment." *Thigpen v. County of Erie*, No. 11-CV-466A, 2013 U.S. Dist. LEXIS 186538, 2014 WL 1270024, at 8 (W.D.N.Y. March 26, 2014) ("Use of force during an arrest is governed by the Fourth Amendment."). *Samuels v Schultz*, 2017 US Dist LEXIS 47969, at 10-11 (WDNY 2017).

Accordingly, the Plaintiff's Eighth Amendment claims must be dismissed.

## CONCLUSION

**WHEREFORE**, it is respectfully requested that Defendants' Motion to Dismiss be granted in its entirety, together with such other and further relief as the Court deems just and proper, including awarding to the Defendants the costs and disbursements of this proceeding.

DATED: June 11, 2020  TIMOTHY R. CURTIN, Corporation Counsel
Rochester, New York

By: s/Spencer Ash
Spencer Ash, Esq., of Counsel
Attorneys for Defendants
30 Church Street, Room 400A
Rochester, NY  14614
(585) 428-6699
Spencer.ash@cityofrochester.gov

Rakim Yancey 17b3223
Attica Correctional Facility
PO Box 149
Attica, NY 14011