UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

RAKIM YANCEY,

                Plaintiff,

        v.

TIMOTHY PANCOE,
CHRISTOPHER KOSCH,
AND BRADLEY PIKE,

               Defendants.

_____

**DECISION AND ORDER**

6:20-CV-06149 EAW

## INTRODUCTION

Plaintiff Rakim Yancey ("Plaintiff") commenced this action on March 12, 2020, alleging that Rochester Police Sergeant Timothy Pancoe ("Sergeant Pancoe"), and Rochester Police Officers Christopher Kosch ("Officer Kosch") and Bradley Pike ("Officer Pike") unlawfully arrested him and subjected him to excessive force. (Dkt. 1). Plaintiff asserts claims against Sergeant Pancoe, Officer Kosch, and Officer Pike (collectively, "Defendants") under 42 U.S.C. § 1983. (*Id.*).

Presently before the Court is Defendants' motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. 2). For the following reasons, Defendants' motion is denied in part and granted in part, and Plaintiff is granted leave to amend his complaint.

## BACKGROUND

The following facts are drawn from Plaintiff's complaint unless otherwise indicated and are assumed true for purposes of this motion. On March 13, 2017, Plaintiff was

- 1 -

accosted by Sergeant Pancoe who used racist language in telling Plaintiff to move his car. (Dkt. 1 at 5). When Plaintiff asked Sergeant Pancoe why he used the racist language, Sergeant Pancoe maced Plaintiff, beat him with a baton, and kicked him while he was on the ground. (*Id.*). Officers Kosch and Pike then arrived at the scene and pulled Plaintiff from the back of the police car. (*Id.* at 6). They slammed Plaintiff to the ground and maced, beat, and choked him, resulting in Plaintiff fracturing both wrists and thumbs, injuring his back, chipping his tooth on the pavement, and receiving multiple contusions and abrasions requiring hospital treatment. (*Id.*).

## PROCEDURAL HISTORY

On March 12, 2020, Plaintiff commenced this action against Defendants pursuant to 42 U.S.C. § 1983, alleging theories of liability arising under the Fourth and Eighth Amendments. (Dkt. 1). Plaintiff's complaint was served on Defendants on May 27, 2020. (Dkt. 2-1 at ¶ 4). Defendants move to dismiss Plaintiff's complaint on grounds that Plaintiff did not serve Defendants within the three-year statute of limitations. (*Id.* at ¶ 5). They also move to dismiss Plaintiff's excessive force claims that arise under the Eighth Amendment. Plaintiff opposes Defendants' motion. (Dkt. 4).

## DISCUSSION

### I.   Legal Standard

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). A court

should consider the motion by "accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff." *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016). To withstand dismissal, a party must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). "To state a plausible claim, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 218 (2d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555).

## II.   <u>Statute of Limitations</u>

When a defendant raises the statute of limitations as an affirmative defense in a motion to dismiss, the defendant bears the burden of demonstrating, based on the allegations in the complaint, that the claim is untimely. *Egan v. Kennedy*, No. 04-CV-6626 CJS, 2008 WL 4647740, at *3 (W.D.N.Y. Oct. 17, 2008). "A motion to dismiss on the basis that a claim is time-barred may only be granted when the allegations in the complaint

make clear that the claim is barred by the limitations period." *Omollo v. Citibank, N.A.*, No. 07 CIV. 9259 (SAS), 2008 WL 1966721, at *3 (S.D.N.Y. May 6, 2008), *aff'd*, 361 F. App'x 288 (2d Cir. 2010) (internal quotation marks omitted).

"For § 1983 actions arising in New York, the statute of limitations is three years." *Eagleston v. Guido*, 41 F.3d 865, 871 (2d Cir. 1994). "Federal law determines when a section 1983 cause of action accrues, and [the Second Circuit has] ruled that accrual occurs when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002) (citations and quotations omitted). "[A]n excessive force claim accrues 'when the use of force occurred.'" *Helwing v. City of New York*, No. 18-CV-3764, 2021 WL 781794, at *6 (E.D.N.Y. Mar. 1, 2021) (quoting *McClanahan v. Kelly*, No. 12-cv-6326, 2014 WL 1317612, at *4 (S.D.N.Y. Mar. 31, 2014)).

In this case, accepting Plaintiff's allegations as true, his claims accrued on March 13, 2017, the day of the incidents alleged in the complaint. On its face, Plaintiff's complaint, filed March 12, 2020, is timely. Defendants nonetheless move to dismiss the claims as time-barred based on their apparent belief that it is service of the complaint, and not its filing, that is the determinative deadline for a claim's timeliness. Defendants' position is flatly contradicted by Federal Rule of Civil Procedure 3 which provides that an action is commenced upon filing. *Cf. Webster v. Himmelbach*, 271 F. Supp. 3d 458, 465 (W.D.N.Y. 2017) (prisoner's complaint commenced for statute of limitations purposes

when delivered to prison officials under prison mailbox rule).[1]  Accordingly, Defendants'

argument that Plaintiff's claims are time-barred is meritless, and their motion to dismiss on

this basis is denied.

## III.    <u>Eighth Amendment Claims</u>

In addition, Defendants argue that Plaintiff's claims arising under the Eighth

Amendment are subject to dismissal.  Plaintiff's first claim against Sergeant Pancoe is

asserted pursuant to the Fourth and Eighth Amendments, but his second claim against

Officers Kosch and Pike is only asserted pursuant to the Eighth Amendment.

Claims alleging the use of excessive force arising during the course of an arrest are

governed by the Fourth Amendment, whereas the use of force against an inmate who has

been convicted is governed by the Eighth Amendment.  *Edmond v. Reed*, No. 5:20-CV-

1609-GLS-ATB, 2021 WL 82147, at *3 (N.D.N.Y. Jan. 11, 2021) (noting that the "Eighth

Amendment is not applicable" to claims alleging the use of force during arrest), *report and

recommendation adopted*, No. 5:20-CV-1609-GLS-ATB, 2021 WL 310975 (N.D.N.Y.

Jan. 29, 2021); *see also Mancucci v. Paterniani*, No. 1:17-CV-1255-GLS-DJS, 2021 WL

---

[1]    Defendants concede that they were served with Plaintiff's complaint by May 27, 2020 (Dkt. 2-1 at ¶ 4), within the 90 days for service prescribed by Fed. R. Civ. P. 4(m). Accordingly, this is not an instance where failure to timely serve the complaint resulted in the expiration of the statute of limitations. *See Frasca v. United States*, 921 F.2d 450, 453 (2d Cir. 1990) ("The 120 days runs from the filing of the complaint, and the statute of limitations for the underlying claim is tolled during that period.  If service is not complete by the end of the 120 days, however, the governing statute of limitations again becomes applicable, and the plaintiff must refile prior to the termination of the statute of limitations period."); *Amnay v. Del Labs*, 117 F. Supp. 2d 283, 287 (E.D.N.Y. 2000) ("While the filing of a complaint tolls a statute of limitations, failure to complete service of the summons within 120 days as required by Rule 4(m) ends the tolling period, and the statute of limitations once again begins to run.").

365880, at *2 (N.D.N.Y. Feb. 3, 2021) ("Defendants are correct that [Plaintiff's] claim sounds in the Fourth Amendment, as that is the Amendment that prohibits the use of excessive force by a police officer in the course of an arrest.").  The standards for these claims differ.  *Casiano v. Ashley*, No. 16-CV-6651L, 2021 WL 281460, at *3 (W.D.N.Y. Jan. 28, 2021) ("In particular, a plaintiff asserting an Eighth Amendment claim must show that the defendant acted with a subjectively wrongful state of mind.").

The Court agrees with Defendants that the Eighth Amendment is inapplicable to Plaintiff's excessive force claims because all of the incidents described in the complaint are alleged to have occurred in the course of Plaintiff's arrest and the Fourth, not Eighth, Amendment would apply to those claims.  As noted, Plaintiff's first claim against Sergeant Pancoe is asserted pursuant to the Fourth and Eighth Amendments, and therefore while the allegations of Eighth Amendment violations cannot survive Defendants' motion, the claim itself survives because of its reliance on the Fourth Amendment.  However, Plaintiff's second claim against Officers Kosch and Pike only expressly cites the Eighth Amendment. Thus, that claim cannot survive Defendants' motion, but the Court will grant Plaintiff leave to file an amended complaint that asserts the claim against Officers Kosch and Pike pursuant to the Fourth Amendment.  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (holding that the court should not dismiss a *pro se* complaint without granting leave to amend "when a liberal reading of the complaint gives any indication that a valid claim might be stated.").

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (Dkt. 2) is granted to the extent that the allegations of excessive force based on the Eighth Amendment are dismissed, but the motion is otherwise denied.  Plaintiff is granted leave to file an amended complaint on or before April 9, 2021, in accordance with this Decision and Order.  Plaintiff is advised that an amended complaint is intended to completely replace all prior complaints in the action, and thus it "renders [any prior complaint] of no legal effect."  *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977).  Therefore, should Plaintiff file an amended complaint, it must not only include the second claim against Officers Kosch and Pike based on the Fourth Amendment, but it also must include the first claim against Sergeant Pancoe so that the amended complaint may stand alone as the sole complaint in this action which Defendants must answer.  Plaintiff should not include any claims that the Court has dismissed.  Accordingly it is hereby ordered as follows:

1.     Plaintiff is granted leave to file an amended complaint only as directed above on or before April 9, 2021;

2.     The Clerk of Court is directed to send to Plaintiff with this Decision and Order a copy of the complaint, a blank Section 1983 complaint form, and the instructions for preparing an amended complaint;

3.     That in the event Plaintiff fails to file an amended complaint within the deadline set forth herein, the second claim based solely on the Eighth Amendment is hereby dismissed and the Clerk of Court is directed to terminate Officers Kosch and Pike as

defendants, and Sergeant Pancoe shall file an answer to the surviving allegations in the first claim on or before April 23, 2021;

4.      In the event Plaintiff files an amended complaint as permitted herein, Defendants shall file an answer or otherwise appear within the time set forth under Federal Rule of Civil Procedure 15(a)(3).

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated:       March 8, 2021
             Rochester, New York