UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RAKIM YANCEY,

                            Plaintiff,

       v.

TIMOTHY PANCOE, et al.,

                            Defendants.
_____

DECISION & ORDER

20-CV-6149-EAW

        Plaintiff Rakim Yancey ("Yancey"), acting *pro se*, brings this action against Rochester Police Officers Timothy Pancoe, Christopher Kosch, and Bradley Pike (collectively, "defendants") alleging constitutional violations, pursuant to 42 U.S.C, § 1983. (Docket # 7). Currently pending before the Court is Yancey's letter motion filed September 7, 2021, which is best construed as a motion to compel the production of initial disclosures from defendants and for sanctions. (Docket # 15).

        Defendants oppose the motion on several grounds. (Docket # 16). First, they assert that Yancey has not responded to any of defendants' discovery demands, which were served on or about January 20, 2021. (*Id.* at 1). Second, defendants allege that Yancey did not confer with defendants regarding any outstanding discovery requests before filing his motion, as is required under Rule 37 of the Federal Rules of Civil Procedure. (*Id.*); *see also* FED. R. CIV. P. 37(a)(1) (requiring that motions to compel "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action"); L. R. CIV. P. 7(d)(3) ("no motion for discovery and/or production of documents under Fed. R. Civ. P. 37 shall be heard unless

accompanied by an affidavit showing that sincere attempts to resolve the discovery dispute have been made"). Third, defendants claim that their failure to provide initial disclosures has not prejudiced Yancey because he has the police reports, witness identities, and other relevant materials, and because he has done little to prosecute his claims.[1] (*Id.* at 1-2). Finally, defendants contend that the motion is now moot as a result of their service of initial disclosures. (Docket ## 18; 19 at 2).[2]

The docket reflects that defendants served their initial disclosures after Yancey filed his motion. (Docket # 18). Because defendants served their initial disclosures, any request for an order compelling them to do so is now moot. *Vega v. Hatfield*, 2011 WL 13128745, *1 (W.D.N.Y. 2011) ("[a]lso pending is [plaintiff's] motion to compel certain discovery responses[;] [b]ecause defendants represent that they have now produced the requested discovery . . . , [plaintiff's] motion to compel is denied as moot"); *Smith v. Fischer*, 2008 WL 5129863, *1 (W.D.N.Y. 2008) ("defendants filed a response to plaintiff's request for admissions[;] . . . [a]ccordingly, to the extent plaintiff moves to compel a response to his requests for admissions, such motion is denied as moot").

Yancey also seeks sanctions in the form of "forfeiture for failure to comply with the deadline designated by the courts." (Docket # 15). Although Rule 37 of the Federal Rules of Civil Procedure authorizes the imposition of sanctions, including orders of dismissal and default judgments, for failure to "obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a)," FED R. CIV. P. 37(b)(2)(A), the standard for justifying case-dispositive

---

[1] Defendants contend that police reports, witness identities and related materials are available to Yancey because they "were the subject of his underlying criminal trial in which he was convicted." (Docket # 16 at 1-2). It is unclear whether defendants know that Yancey possesses or has access to these documents or simply assume so.

[2] Defendants filed a second declaration in opposition to plaintiff's motion (Docket # 19) that differs from the first declaration (Docket # 16) only insofar as it reflects the fact that defendants filed their initial disclosures on September 10, 2021. (Docket ## 18; 19 at 2).

sanctions is high and is generally not satisfied by a single discovery deficiency owing to lack of diligence. *See*, *e.g.*, *Woodward v. Holtzman*, 329 F.R.D. 16, 20-21 (W.D.N.Y. 2018) (declining to impose "more severe sanctions" as a result of party's failure to comply with discovery obligations and instead compelling party to respond promptly to outstanding document requests); *Richard v. Dignean*, 2017 WL 3083916, *3-4 (W.D.N.Y. 2017) (finding that harsh sanctions, such as striking the pleadings, dismissal, and preclusion, were not justified where an attorney's late discovery responses "resulted from their counsel's lack of appropriate diligence, not from any bad faith").

In addition, Rule 37 provides that if a motion to compel is granted or if the "requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5)(A). Of course, courts retain broad discretion to impose sanctions, *Corporation of Lloyd's v. Lloyd's U.S.*, 831 F.2d 33, 36 (2d Cir. 1987) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642 (1976)), and a request for fees may be denied where (1) the movant did not make a good faith effort to obtain the disclosures before filing the motion; (2) the non-moving party's failure to provide the discovery response was "substantially justified"; or (3) the award of expenses would be unjust. FED. R. CIV. P. 37(a)(5)(A)(i)-(iii).

Here, despite Yancey's conclusory allegation that defendants acted in bad faith, defendants' delay appears to have resulted from their counsel's oversight or lack of diligence, and they provided their initial disclosures promptly following Yancey's filing of his letter motion. (*See* Docket ## 16, 18). Moreover, Yancey has not shown that he made reasonable

efforts to obtain the disclosures before filing the motion seeking court intervention and sanctions. In addition, Yancey has not demonstrated any costs he incurred associated with filing his motion.

For these reasons, Yancey's motion to compel **(Docket # 15)** is **DENIED as Moot**, and his motion for sanctions **(Docket # 15)** is **DENIED.**

**IT IS SO ORDERED.**

                                             *s/Marian W. Payson*
                                             MARIAN W. PAYSON
                                      United States Magistrate Judge

Dated: Rochester, New York
         July 21, 2022