UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RAKIM YANCEY,

                              Plaintiff,

         v.

TIMOTHY PANCOE, et al.,

                              Defendants.
_____

DECISION & ORDER

20-CV-6149EAW

Plaintiff Rakim Yancey ("Yancey"), acting *pro se*, brings this action against Rochester Police Officers Timothy Pancoe, Christopher Kosch, and Bradley Pike (collectively, "defendants") alleging constitutional violations, pursuant to 42 U.S.C. § 1983. (Docket # 7). Currently pending before this Court is Yancey's motion seeking appointment of counsel. (Docket # 24). According to Yancey, counsel is necessary because he suffers from mental impairments that impede his ability to litigate this matter. (*Id.*).

It is well-settled that there is no constitutional right to appointed counsel in civil cases. Although the Court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

    1.    Whether the indigent's claims seem likely to be of substance;

    2.    Whether the indigent is able to investigate the crucial facts concerning his claim;

      3.      Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

      4.      Whether the legal issues involved are complex; and

      5.      Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and [plaintiff's] chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law and finds, pursuant to the standards stated by *Hendricks*, 114 F.3d at 392, and *Hodge v. Police Officers*, 802 F.2d at 61-62, that the appointment of counsel is not warranted at this time. As stated above, a plaintiff seeking the appointment of counsel must demonstrate some likelihood of success on the merits, which Yancey has not done at this stage. Consideration of the nature of the factual and legal issues involved in this case, as well as Yancey's ability to

present his claims, also weighs against appointment of counsel. Nor do the legal issues in this case appear to be complex.

To date, Yancey's conduct in prosecuting this matter suggests that he is capable of understanding and handling the litigation. Yancey drafted the complaint, opposed a motion to dismiss that complaint, and drafted an amended complaint in response to the district court's Decision and Order dismissing his claims against two defendants. (Docket ## 1, 2, 6, 7). He has served discovery requests upon the defendants and filed a motion to compel discovery, thus demonstrating his ability to seek court intervention when he believes it is warranted. (Docket ## 13, 15, 23).

Although Yancey alleges that he suffers from mental health impairments characterized by anxiety, stress, and depression, he has not otherwise demonstrated that those impairments limit his ability to litigate this case. Appointment of counsel is thus not warranted on this basis, especially where Yancey has shown an ability to pursue his claims in this case. *See*, *e.g.*, *Perez v. Cnty. of Monroe*, 2012 WL 4052470, *2 (W.D.N.Y. 2012) (denying appointment of counsel where *pro se* plaintiff was "capable of prosecuting his case" and "equipped to understand the litigation process" despite "mental health disabilities"); *Lewis v. Turco*, 2010 WL 2287509, *1 (W.D.N.Y. 2010) (appointment of counsel denied where *pro se* plaintiff had not demonstrated that mental health issues would hinder his ability to litigate his claims); *Byng v. Campbell*, 2008 WL 4662349, *6 (N.D.N.Y. 2008) (denying appointment of counsel where *pro se* plaintiff was "able effectively to litigate" his claims notwithstanding various "medical and mental health issues"). To the extent Yancey maintains that case-related deadlines cause him to become mentally and emotionally overwhelmed, Yancey should confer with counsel for defendants to determine whether the parties can agree to extensions of the

applicable deadlines.  Finally, Yancey's case does not present any other special reasons justifying the assignment of counsel.

On this record, Yancey's request for the appointment of counsel **(Docket # 24)** is **DENIED without prejudice** at this time.  It is Yancey's responsibility to retain an attorney or continue with this lawsuit *pro se*.  28 U.S.C. § 1654.

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
        September 14, 2022